IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RENERGY, INC.,**

        **Plaintiff,**

                                  **Case No. 2:24-cv-4123**

    **vs.**                          **Chief Judge Sarah D. Morrison**

                                  **Magistrate Judge Elizabeth P. Deavers**

**MT. HAWLEY INSURANCE
COMPANY,**

        **Defendant.**

## OPINION AND ORDER

    This matter is before the Court on Defendant's Motion to Transfer Venue.  (Mot., ECF No. 11.)  Plaintiff filed an Opposition.  (Resp., ECF No. 14.)  Defendant filed a Reply in Support of its Motion.  (Reply, ECF No. 15.)  This matter is ripe for judicial review.  For the following reasons, the Motion is **GRANTED**.

### I.       BACKGROUND

    Plaintiff filed this case on November 1, 2024, alleging breach of contract and bad faith claims.  (ECF No. 1.)  Plaintiff asserts that Defendant denied its obligations to Plaintiff under the insurance policy it issued to Plaintiff.  (*Id.* at ¶ 1.)  Plaintiff is a renewable energy company operating in Ohio.  (*Id.* at ¶ 2.)  Defendant is a Delaware corporation with its principal place of business in Illinois.  (*Id.* at ¶ 3.)  On February 12, 2025, Defendant moved the Court to transfer this case to the United States District Court for the Southern District of New York pursuant to a forum selection clause ("Clause") in the parties' contract.  (Mot. at PageID 130.)

>     **AA. Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the Insured shall submit to the jurisdiction of New York

state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any Insured against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

**BB. Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation, and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

(ECF No. 1-1, at PageID 52.) Plaintiff contends that the Clause is invalid, and the Court should therefore deny Defendant's Motion. (Resp. at PageID 423.)

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). Next, when ordinarily considering a motion brought under 28 U.S.C. § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). This analysis, however, changes "when the parties' contract contains a valid forum-selection clause." *Atl. Marine,* 571 U.S. at 63. Courts must evaluate whether the forum selection clause "'is applicable to the claims at issue, mandatory, valid, and enforceable'" before moving to the § 1404(a) analysis. *Honeycutt v. Thor Motor Coach, Inc.*, No. 2:21-CV-04717, 2022 WL 2986877, at *2 (S.D. Ohio July 28, 2022) (citing *Lakeside Surfaces, Inc. v. Cambria*

2

*Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021)).  "Federal law governs the enforceability of a forum-selection clause in a diversity suit."  *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 309 (6th Cir. 2024) (citation and quotation omitted).

The non-movant must overcome

> the strong presumption in favor of enforceability by showing that (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside Surfaces, Inc.*, 16 F.4th at 219 (citation omitted).

If the forum selection clause is applicable, mandatory, valid, and enforceable, courts apply a modified § 1404(a) analysis.  "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surfaces, Inc.*, 16 F.4th at 215 (quoting *Atl. Marine*, 571 U.S. at 63–64) (alteration in original).  Relevant public interest factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home; (4) the public's general interest in systemic integrity and fairness; and (5) the court's familiarity with the governing law." *Id.* at 778 (citing *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34, 2016 WL 1466559, at *1 (W.D. Ky. Apr. 14, 2016)).  Additionally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."  *Atl. Marine*, 571 U.S. at 64.  "In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain."  *Id.* at 66.

3

III.        ANALYSIS

The Court finds that this action must be transferred.  First, the proposed venue, the

Southern District of New York, is proper.  Second, the Clause is applicable, mandatory, valid,

and enforceable.  Third, under the modified § 1404(a) analysis, the interests of justice are served

by holding the parties to their bargain.

A.        **The proposed venue is proper.**

First, regardless of the presence of a forum selection clause, the transferring court must

determine whether the action "might have been brought" in the transferee court.  *Honeycutt*,

2022 WL 2986877, at *2 (citing *Kay*, 494 F. Supp. 2d at 849); *see also Schoenfeld v. Mercedes-*

*Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (An

action might have been brought in a transferee court when (1) that court has jurisdiction over the

subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to

process there).

Neither party addresses this threshold question.  The Court, however, finds that this

action could have been brought in the Southern District of New York.  First, the Southern

District of New York has jurisdiction pursuant to 28 U.S.C. § 1332.  Second, venue is proper in

the Southern District of New York because § 1404(a) permits transfer "to any district where

venue is also proper . . . or to any other district to which the parties have agreed by contract or

stipulation."  *Atl. Marine*, 571 U.S. at 59.  Third, Defendant is amenable to process in the

Southern District of New York.  "The general rule is that the parties to a contract may agree in

advance to submit to the jurisdiction of a particular court."  *Anderson v. Vantage Press, Inc.*, 802

F.2d 456 (6th Cir. 1986) (citing *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-

16 (1964)).  Accordingly, the proposed venue is proper.

**B.**      **The Clause is applicable, mandatory, valid, and enforceable.**

Next, the Court addresses whether the Clause is applicable, mandatory, valid, and enforceable.  Defendant claims, and Plaintiff does not contest, that the Clause is applicable and mandatory.  (Mot. at PageID 140–41.)  The Court does not find otherwise.  Defendant argues that the Clause is valid and enforceable because forum selection clauses are presumptively valid and none of the enforceability factors apply.  (Mot. at PageID 139–40.)  In support, Defendant claims that the Clause was not obtained through fraud because it is part of a full-page endorsement, titled with bold, all-caps typeface, and the Southern District of New York can enforce the parties' contract under New York law.  (*Id.* at PageID 139.)

Plaintiff counters that the Clause is invalid and unenforceable because the forum is unreasonable and unjust.  (Resp. at PageID 423–28.)  Plaintiff argues that the parties did not contemplate a neutral forum, the parties did not have equal bargaining power, the forum state "bears no connection to the dispute," and New York law does not apply.  (*Id.* at PageID 423–27.)  Additionally, Plaintiff claims that enforcement of the Clause would result "in a grave injustice" because Plaintiff does not have the resources to litigate in New York.  (*Id.* at PageID 428.)  In its Reply, Defendant contends that Plaintiff failed to show that forcing Plaintiff to litigate in New York would be such a burden that it would effectively deny Plaintiff its day in court.  (Reply, at PageID 437.)

The Court finds that the Clause is valid and enforceable.  Plaintiff fails to demonstrate that the Clause is unreasonable or "the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust."[1]  *Lakeside Surfaces, Inc.*, 16 F.4th at

---

[1] Plaintiff does not explicitly argue that the Clause was "obtained by fraud, duress, or other unconscionable means."  *Lakeside Surfaces, Inc.*, 16 F.4th at 219 (citation omitted).  To the extent that Plaintiff attempts to make that argument by contesting the parties' lack of equal bargaining power, it fails to persuade the Court.  Plaintiff also does not argue that the

219 (citation omitted).  First, Plaintiff does not cite to any United States Court of Appeals for the Sixth Circuit cases in which a court found that the factors Plaintiff relies upon—unequal bargaining power, lack of a neutral forum, no connection to the forum state, and the inapplicability of the forum law—equated to an unreasonable forum selection clause.  Plaintiff instead relies upon out-of-circuit cases and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2 (1972).  The Sixth Circuit in *Lakeside Surfaces, Inc.*, however, discussed *Bremen* and *Atl. Marine* and clarified the test for enforceability:

> We thus ask whether [the non-movant] can defeat the strong presumption in favor of enforceability by showing that (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside Surfaces, Inc.*,16 F.4th at 219–20, n. 9.

Second, Plaintiff's conclusory claim that it "does not have the resources . . . to litigate in a foreign jurisdiction" is not sufficient to show that enforcement of the Clause would effectively deny its day in court.  (Resp. at PageID 427–28.)  Plaintiff has provided no evidence suggesting that it would be unable to bear the cost of travel, particularly in a time when much litigation is conducted electronically and by video.  Because Plaintiff relies only on inconvenience and unquantified claims of financial burden in lieu of meaningful evidence, the Court has no record from which it could conclude that transfer to the Southern District of New York would be unjust.  Accordingly, the Court finds that the Clause is applicable, mandatory, valid, and enforceable.

---

"designated forum would ineffectively or unfairly handle the suit" or that "enforcing the forum selection clause would contravene a strong public policy of the forum state." *Lakeside Surfaces, Inc.*, 16 F.4th at 219 (citation omitted).

C.    **Plaintiff fails to address the modified § 1404(a) analysis.**

Having concluded that the Clause is applicable, mandatory, valid, and enforceable, the Court now turns to the modified § 1404(a) analysis.  "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surfaces, Inc.*, 16 F.4th at 215 (quoting *Atl. Marine*, 571 U.S. at 63–64) (alteration in original).  These public-interest factors "rarely defeat" a transfer motion based on a valid forum-selection clause.  *Atl. Marine*, 517 U.S. at 64–65.

Plaintiff fails to apply the *Atl. Marine* modified analysis.  Plaintiff instead briefly cites to the traditional § 1404(a) analysis but omits any argument that the public-interest factors weigh against transfer under that analysis.  On this record, the Court concluded that Plaintiff has failed to meet its burden of articulating why this is an exceptional case where a valid forum-selection clause should not be enforced.  *See Atl. Marine*, 571 U.S. at 59–60, ("[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases.") (citation omitted).

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue is **GRANTED**.  (ECF No. 11.)  The Clerk is **DIRECTED** to **TRANSFER** this matter to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

/s/ *Elizabeth A. Preston Deavers*

DATED:  June 13, 2025    **ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**